IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY CHRIS MOBLEY,
     Plaintiff,

vs.                         Case No. 3:11cv266/WS/CJK

SANTA ROSA COUNTY, et al.,
     Defendants.

_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff is proceeding *pro se* and *in forma pauperis*. Upon review of the complaint, the Court concludes that this case should be dismissed because plaintiff is barred from recovering the relief he seeks.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was an inmate of the Putnam County Jail in Eatonton, Georgia at the time he initiated this action on May 20, 2011.  (Doc. 1).  Plaintiff has since been released.  (Doc. 7).  Plaintiff's complaint names three defendants, all members of the Santa Rosa County Sheriff's Office:  Lieutenant Cottrell, Captain Campbell and Lieutenant Cotton.  Plaintiff alleges that on October 20, 2007, while confined in the Santa Rosa County Jail, another officer (Santa Rosa County Sheriff's Deputy Careem Hamilton) assaulted plaintiff.  Plaintiff is suing Deputy Hamilton for the assault in a

separate case, *see Mobley v. Hamilton*, Case No. 3:11cv268/LC/CJK.  In the present action, plaintiff sues defendants Cottrell, Campbell and Cotton on claims of conspiracy, "obstruct[ing] justice," and violating plaintiff's Eighth Amendment rights, alleging that the defendants conspired with Hamilton to "cover up" Hamilton's assault by filing false criminal charges against plaintiff and by concealing an exculpatory video recording of the incident.  Plaintiff alleges that the criminal charges against him were ultimately dismissed.  (Doc. 1, pp. 5-6(c)).  As relief, plaintiff seeks "$500,000 dollars in damages and 2 million dollars in punitive damages for physical and mental torture, pain and suffering., intentional infliction of emotional distress, permanent back injury."  (*Id*., p. 7).  Plaintiff also requests that criminal charges be filed against the defendants.  (*Id*.).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed

if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they show that plaintiff's claims are barred by 42 U.S.C. § 1997e(e).  The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit has concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action,  brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of the pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody.  Plaintiff's damages claims, which cannot be liberally construed as requesting nominal damages, are based on the emotional distress plaintiff suffered as a result of the defendants' conspiracy and obstruction of justice.

The complaint identifies no physical injury arising from Cottrell, Campbell and Cotton's alleged conduct.  Although plaintiff claims he suffered a back injury as a result of Deputy Hamilton's assault, plaintiff is not litigating that claim here.  That claim is the subject of plaintiff's lawsuit in *Mobley v. Hamilton*, Case No. 3:11cv268. As plaintiff fails to allege any physical injury arising from the conduct of the defendants at issue here, plaintiff is prohibited under the PLRA from bringing his damages claims.  *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000); *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Plaintiff is also precluded from recovering the injunctive relief he seeks (the filing of criminal charges against the defendants).  As the Supreme Court explained in *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973), "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id*. at 619, 93 S. Ct. at 1149.  The absence of this right, according to the Court, stems from the "special status of criminal prosecutions in our system," which rejects a "direct nexus between the vindication of [a victim's] interest and the enforcement of . . . criminal laws." *Id*.; *see, e.g.*, *Williams v. Univ. of Ala.*

*Hosp. at Birmingham*, 353 F. App'x 397, 398 (11th Cir. 2009) ("The government, not private citizens, prosecutes crimes.").

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 16th day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).